[Civ. No. 34993. Second Dist., Div. One. Mar. 31, 1970.]

MARVIN MILLER et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

Marks, Sherman & London and Robert H. London for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Defendant and Respondent.

**GUSTAFSON, J.**—Plaintiffs Marvin Miller and Covina Publishing, Inc., a corporation of which Miller is an officer, director and shareholder, filed a complaint May 22, 1968, in which the corporate plaintiff sought a declaration that a book entitled "Intercourse" is not obscene and both plaintiffs sought an injunction prohibiting defendant through any of its agents from prosecuting plaintiffs for publishing, distributing or selling the book. After a demurrer to each cause of action was sustained, plaintiffs on October 1, 1968, filed a first amended complaint. Defendant again successfully demurred and plaintiffs failed to amend whereupon a judgment of dismissal was entered. This appeal follows.

Plaintiffs rely heavily upon *Zeitlin* v. *Arnebergh* (1963) 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707] in which the court held that the plaintiffs there were entitled to a declaratory judgment that the book "Tropic of Cancer" was not obscene within the meaning of section 311 of the Penal Code and that its sale would not violate section 311.2 of the Penal Code.

The court below, on the other hand, relied upon the decision of this division of this court in *Holden* v. *Arnebergh* (1968) 265 Cal.App.2d 87 [71 Cal.Rptr. 401] (hearing denied by the California Supreme Court and the appeal dismissed by the United States Supreme Court (1969) 394 U.S. 102 [22 L.Ed.2d 112, 89 S.Ct. 926] because "the judgment below rests upon an adequate state ground"). In *Holden* plaintiffs sought a declaratory

judgment that certain books were not obscene and an injunction against prosecuting them for selling and exhibiting the books. On appeal a judgment of dismissal, entered after plaintiffs failed to amend their complaint when a demurrer was sustained, was upheld.

In *Holden* plaintiffs had been arrested for and charged with violating section 311.2 of the Penal Code. We held that the criminal proceedings afforded plaintiffs speedy and adequate relief and that it was therefore not an abuse of discretion for the trial court to refuse to entertain a complaint for either declaratory or injunctive relief.

In *Zeitlin,* on the other hand, the bookseller alleged "that he wishes to sell 'Tropic of Cancer' in his bookstore, but that he is prevented from offering the book because he fears that if he does so defendant will institute criminal proceedings against him." The court held that a person should not be required to incur the risk of criminal prosecution in order to determine whether a book is obscene.

In the case at bench plaintiffs alleged in their original complaint that "copies of said book have been forwarded to [the corporation's] wholesalers and distributors throughout the United States for sale and distribution to the general public" and that a warrant had been issued directing "law enforcement officers and officials to seize any and all copies of said book." The record shows that plaintiff Miller was charged on May 28, 1968, with violating section 311.2 of the Penal Code in that between January 2, 1968, and May 20, 1968, he distributed the book "Intercourse." That criminal complaint was filed in the Municipal Court for the Citrus Judicial District. Plaintiff Miller was charged with a similar offense on August 13, 1968, in the Municipal Court for the Los Angeles Judicial District. The first amended complaint which is in issue here was filed October 1, 1968, and makes no mention of the arrests of plaintiff Miller which had then occurred.

Unlike the plaintiffs in *Zeitlin,* the plaintiffs here chose to risk criminal prosecution for distributing the book. When plaintiff Miller was in fact prosecuted he then had available to him a method held by the courts to be speedy and adequate for determining whether the book in question is obscene. Although the record does not disclose whether the corporate plaintiff has been prosecuted, the first amended complaint alleges that Miller is "responsible for the conduct of the business activities of" the corporate plaintiff. If the book is obscene, the conviction of Miller will as a practical matter resolve the question for the corporate plaintiff.

Moreover, even if Miller had not yet been prosecuted, we think *Zeitlin* would not be applicable because plaintiffs did not refrain from distributing the book for fear of prosecution. *Zeitlin* held that a declaratory relief action

was available because otherwise plaintiffs could not obtain a determination without subjecting themselves to criminal prosecution. Here plaintiffs by subjecting themselves to possible criminal prosecution were in need neither of declaratory nor injunctive relief. It is true that in *Zeitlin* the court said that one of the considerations for affording declaratory relief was that, as opposed to a criminal prosecution, the result would be decisive for all times and all persons instead of creating "a hodge-podge pattern of suppression and sale." That consideration standing alone was impliedly held not sufficient in *Holden* to warrant equitable relief. Since that consideration is the only one here present, we likewise deem it insufficient.

In the light of our conclusion, we do not reach other contentions argued by the parties.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 28, 1970. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.